UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 25cr10105 |
| | ) |
| v. | ) Violation: |
| | ) |
| EVAN WAYNE, | ) Count One: |
| | ) Conspiracy to Commit Securities Fraud |
| Defendant | ) (18 U.S.C. § 1349) |
| | ) |
| | ) Forfeiture: |
| | ) 18 U.S.C. § 981(a)(1)(C) and |
| | ) 28 U.S.C. § 2461(c) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant EVAN WAYNE lived in Illinois.

2. Co-conspirator 1 ("CC-1") lived in New York and Florida.

3. The Trade Desk, Inc. ("TTD") was a technology company headquartered in California. At relevant times, TTD traded on the Nasdaq Stock Market ("Nasdaq") under the ticker symbol TTD and was an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (the "Exchange Act").

4. Match Group, Inc. ("MTCH") was a technology company headquartered in Texas. At relevant times, MTCH traded on the Nasdaq under the ticker symbol MTCH and was an issuer with a class of securities registered under Section 12 of the Exchange Act.

5. Individual 1 was a friend of WAYNE. At relevant times, Individual 1 was an employee of TTD. In that capacity, Individual 1 owed a fiduciary duty and a duty of trust and confidence to TTD.

6.     Individual 2 was a friend of WAYNE. At relevant times, Individual 2 was an employee of MTCH. In that capacity, Individual 2 owed a fiduciary duty and a duty of trust and confidence to MTCH.

## Overview of the Conspiracy

7.     Beginning no later than in or about February 2018 and continuing through at least in or about June 2023, WAYNE conspired with CC-1 and others known and unknown to the U.S. Attorney to obtain material non-public information ("MNPI" or "inside information") about the financial performance and merger-and-acquisition activity of publicly-traded companies, including TTD and MTCH, among others, and to trade in the securities of those companies while in possession of that MNPI.

## Object and Purpose of the Conspiracy

8.     The object of the conspiracy was to commit securities fraud by trading in the securities of various companies while in possession of MNPI about them. The principal purposes of the conspiracy were to make money and to conceal the conspirators' actions from others, including regulators and law enforcement.

## Manner and Means of the Conspiracy

9.     Among the manner and means by which WAYNE and CC-1, together with others known and unknown to the U.S. Attorney, carried out the conspiracy were the following:

   a.    Obtaining and sharing with each other MNPI about various companies, including but not limited to companies with which Individual 1 and Individual 2 were affiliated as employees, or about which they otherwise had confidential business information;

      b.      Trading in the securities of those companies while in possession of that MNPI, in violation of the fiduciary duties and duties of trust and confidence the conspirators owed to the sources of the information, or that the sources owed to the companies; and

      c.      Taking steps to conceal the scheme from regulators, law enforcement, and others, including by communicating about the MNPI using encrypted messaging applications.

Acts in Furtherance of the Conspiracy

10.    Beginning no later than in or about February 2018 and continuing through at least in or about June 2023, WAYNE and CC-1, together with others known and unknown to the U.S. Attorney, committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

11.    On or about July 26, 2019, approximately two weeks before TTD's quarterly earnings were scheduled to be announced, and after WAYNE obtained inside information about TTD's financial performance from Individual 1, WAYNE purchased TTD securities, in breach of a duty of confidence WAYNE owed to Individual 1.

12.    On or about November 8, 2019, after WAYNE obtained inside information about TTD's financial performance from Individual 1, and after WAYNE shared that information with CC-1 in breach of a duty of confidence WAYNE owed to Individual 1, CC-1 purchased TTD securities.

13.    On or about February 24, 2020, three days before TTD's quarterly earnings were scheduled to be announced, WAYNE messaged CC-1, in relevant part, "I also got update on TTD so whenever you free up shoot me a call." On or about the following day, February 25, 2020,

WAYNE messaged CC-1, instructing CC-1 to switch to an encrypted messaging application with self-deleting messages.

14. On or about February 27, 2020, after TTD announced quarterly earnings that exceeded market expectations, WAYNE messaged CC-1, in relevant part, "What a joke man. They beat on everything and barely moving. Hopefully market finally rallies." On or about the following day, February 28, 2020, after TTD's stock price began to increase, CC-1 and WAYNE exchanged celebratory messages, with CC-1 messaging WAYNE, in relevant part, "That's why I look up to u."

15. On or about July 2, 2020, after WAYNE obtained inside information about MTCH's financial performance from Individual 2, WAYNE and CC-1 exchanged multiple phone calls during which WAYNE provided that information to CC-1, in breach of a duty of confidence WAYNE owed to Individual 2.

16. On or about the same day, July 2, 2020, WAYNE and CC-1 purchased MTCH securities. On or about the same day, CC-1 messaged another individual ("Individual 3"), in relevant part, "We should probably buy more match." On or about the same day, Individual 3 purchased MTCH securities.

17. Beginning on or about August 5, 2020, after MTCH announced quarterly earnings that exceeded market expectations, WAYNE and CC-1 sold MTCH securities they had purchased for proceeds of more than $100,000.

4

<u>COUNT ONE</u>
Conspiracy to Commit Securities Fraud
(18 U.S.C. § 1349)

The U.S. Attorney charges:

18. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 17 of this Information.

19. From in or about February 2018 through at least in or about June 2023, in the District of Massachusetts and elsewhere, the defendant,

EVAN WAYNE,

conspired with CC-1 and others known and unknown to the U.S. Attorney to commit securities fraud, that is, to knowingly execute and attempt to execute a scheme and artifice (a) to defraud persons in connection with securities of issuers with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, including but not limited to The Trade Desk, Inc. and Match Group, Inc.; and (b) to obtain, by means of false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities of issuers with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934, including but not limited to The Trade Desk, Inc. and Match Group, Inc., in that WAYNE, CC-1, and others traded in the securities of those companies while in possession of material non-public information, in violation of Title 18, United States Code, Section 1348.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

20.     Upon conviction of the offense charged in Count One, the defendant,

EVAN WAYNE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

21.     If any of the property described in paragraph 20, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 20 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                        LEAH B. FOLEY
                        UNITED STATES ATTORNEY

By:   */s/ Ian J. Stearns*
      KAITLIN R. O'DONNELL
      IAN J. STEARNS
      Assistant United States Attorneys